**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**LANDER ENTERPRISES, LLC D/B/A WWW.TRYAUTOBRUSH.COM,**

Plaintiff,

v.

**YIWUSHIZHAOYINGDIANZISHANGWUYOUXIANGONGSI D/B/A DYCROL USA,**

Defendant.

**Case Number: 1:26-cv-28271**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lander Enterprises, LLC d/b/a www.tryautobrush.com ("Autobrush") hereby alleges the following as its Complaint against Defendant yiwushizhaoyingdianzishangwuyouxiangongsi d/b/a Dycrol USA ("Dycrol").

## I. NATURE OF THE ACTION

1. This is an action for design patent infringement and unfair competition arising from Dycrol's unauthorized copying and use of a distinctive toothbrush head design embodied in products sold by Autobrush. Dycrol's misappropriation has caused Autobrush irreparable damage and monetary harm for which Autobrush requests relief in this Court.

## II. JURISDICTION AND VENUE

2. This is an action for damages and injunctive relief against Dycrol arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and includes related claims for unfair competition arising under state law.

3. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the patent laws of the United States (35 U.S.C. §§ 1 *et seq*.), and includes claims of unfair competition that are joined with substantially related claims.

4. This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because, on information and belief, Dycrol is a Chinese entity.

6. Upon information and belief, Dycrol regularly conducts business in this district, and throughout the United States, and is actively engaged in promoting, advertising, marketing, and offering products within this judicial district, including the accused product at issue in this lawsuit, through the operation of its Amazon storefront.

7. Dycrol directly targets its business activities towards consumers in the United States, including Florida, through at least the fully interactive, commercial Amazon storefront. On information and belief, Dycrol reaches out to do business with Florida residents by operating its Amazon storefront—through which Florida residents can purchase the accused products.

8. On information and belief, Dycrol has targeted sales from Florida residents by operating its Amazon storefront, that offers shipping to the United States (including Florida), and accepts payment in U.S. dollars.

9. On information and belief, Dycrol has sold accused products to residents of Florida.

10. Ultimately, on information and belief, Dycrol is committing tortious acts in Florida, is engaged in interstate commerce, and has wrongfully caused Autobrush substantial injury in the State of Florida. Dycrol's contacts with this district are sufficient to confer this court with personal jurisdiction over Dycrol.

## III. PARTIES

11. Plaintiff Lander Enterprises, LLC d/b/a www.tryautobrush.com ("Autobrush") is a Connecticut limited liability company with its principal place of business located at 5700 Biscayne Blvd, Unit 822, Miami, FL 33137. Autobrush manufactures and sells electric toothbrushes and associated toothbrush heads, as well as related dental accessories, to consumers in the United States and throughout the world.

12. On information and belief, Defendant Dycrol sells under the webstore name "Dycrol USA" on the Amazon.com retail platform ("Amazon Retail Platform"), using Amazon Seller ID A2MYLX7N6KMASL, and has a listed "Business Name" of yiwu shizhaoyingdianzishangwuyouxiangongsi. On information and belief, yiwushizhaoying dianzishangwuyouxiangongsi is not a real business name.

13. On information and belief, Defendant Dycrol is an individual or business entity residing in or other based in China.

14. Dycrol sells the accused product at issue in this litigation through online retail outlets like Amazon.com.

///

///

///

# IV. BACKGROUND

## A. Autobrush and Its Design Patent

15. Autobrush is a leading manufacturer and seller of electronic toothbrushes, toothbrush heads, and other related dental accessories.

16. Autobrush is the assignee and current owner of all rights in and title to U.S. Design Patent D958,544 ("the '544 Patent") issued July 26, 2022 for "Double-Sided Toothbrush Head." A true and correct copy of the '544 Patent is attached hereto as Exhibit 1, and figures from the '544 Patent are reproduced below:


FIG. 3


FIG. 6

17. Autobrush's patented toothbrush heads have been a success in the market—with Autobrush having made substantial sales of its products throughout the United States.

## B. Dycrol's Infringement

18. Dycrol is now and has been offering for sale in this district, and elsewhere in the United States, electronic toothbrush products that contain unauthorized and infringing copies of Autobrush's toothbrush head design.

19. Upon information and belief, through its "U Shaped Electric Toothbrush" products, Dycrol has, is now, and will be, offering to the public electric toothbrush products that include toothbrush heads that are copies of Autobrush's toothbrush head design.

20. The Accused Products include the following:

a. Product 1 = Dark Blue Toothbrush
ASIN = B0CPXNBR4H
Link = https://www.amazon.com/dp/B0CPXNBR4H/

b. Product 2 = Light Blue Toothbrush
ASIN = B0HMKQ71CT
Link = https://www.amazon.com/dp/B0HMKQ71CT/

c. Product 3 = Pink Toothbrush
ASIN = B0CPXNFRX2
Link = https://www.amazon.com/dp/B0CPXNFRX2/

d. Product 4 = Light Pink Toothbrush
ASIN = B09SB6G88Y
Link = https://www.amazon.com/dp/B09SB6G88Y/

21. Photographs of the toothbrush head design of the Accused Products are reproduced below. When compared against figures from the '544 Patent, the unauthorized toothbrush heads are remarkably similar.

| **'544 Patent** | **Dycrol Toothbrush Head** |
| --- | --- |
|  FIG. 3 |  |

| | |
|---|---|
| **'544 Patent** |  FIG. 6 |
| **Dycrol Toothbrush Head** |  |

22. Dycrol directly or indirectly and/or through subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '544 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell, and/or importing products that embody the invention claimed in the '544 Patent, within the United States and within this District.

23. Dycrol's unauthorized copying has been willful, and Dycrol intentionally interfered with Autobrush's business relations by offering to sell electronic toothbrushes with the copied toothbrush heads, thereby wrongfully diverting sales from Autobrush.

24. Dycrol's unauthorized copying, promotion, and sale of the infringing products has caused Autobrush irreparable financial harm.

25. Upon information and belief, by the acts alleged above, Dycrol has made substantial profits to which they are not entitled and have caused Autobrush to lose sales and/or other opportunities for monetary relief.

**FIRST CLAIM FOR RELIEF**
**Design Patent Infringement**

26. Autobrush realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

27. United States Design Patent No. D958,544 ("the '544 Patent"), entitled "Double-Sided Toothbrush Head" was duly and legally issued by the United States Patent and Trademark Office on July 26, 2022.

28. Plaintiff Autobrush is the owner by assignment of the '544 Patent and has the right to sue and recover damages for infringement thereof.

29. Dycrol has infringed, and continue to infringe, the '544 Patent by making, using, selling, offering to sell and/or importing electronic toothbrushes, including the Accused Products, that contain infringing toothbrush heads.

30. The foregoing acts of patent infringement have been without authority or license from Autobrush.

31. Upon information and belief, Dycrol's infringement of the '544 Patent has been and continues to be willful, and has been conducted with an objectively reckless disregard of the high likelihood of infringement of the '544 Patent. As a result, Autobrush is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285.

32. In accordance with 35 U.S.C. § 287, Autobrush has marked its products sold under the patent with the patent number.

33. The foregoing acts of patent infringement by Dycrol have caused, and unless enjoined by this Court will continue to cause, immediate and irreparable harm to Autobrush. Autobrush has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Common Law Unfair Competition – Federal Law and Florida Law**

34. Autobrush realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

35. The aforementioned acts by Dycrol in causing confusion among the relevant public and causing a false association or sponsorship between Dycrol's goods and Autobrush, in Florida and elsewhere, constitute unfair competition and unfair business practices contrary to the common laws of the United States (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)) and the laws of the State of Florida, including, but not limited to, Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq*.

36. The acts by Dycrol were committed willfully, knowingly, maliciously, and in conscious disregard of Autobrush's rights.

37. As a result of Dycrol' unfair competition, Autobrush has suffered damage to its goodwill and reputation and has lost sales of its products.

38. Dycrol have made substantial profits based on their unauthorized sales of their electronic toothbrush products with infringing toothbrush heads.

39. The aforesaid conduct by Dycrol has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Autobrush's property and business. Autobrush has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Autobrush demands judgment as follows:

A. A declaration that Dycrol has infringed the '544 Patent;

B. A preliminary and permanent injunction enjoining Dycrol—as well as its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise—from

(i) infringing, contributing to the infringement of, or actively inducing infringement of '544 Patent,

(ii) ordering Dycrol to cancel all orders for the toothbrushes and toothbrush heads that are substantially similar to Autobrush's patented design;

(iii) ordering Dycrol to deliver for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in its possession referring or related to the infringing products, or other products substantially similar to '544 Patent, as well as all plates, models, matrices, tooling, computer programs, and any other means of making the same; and

(iv) ordering Dycrol to recall any and all accused products and other products substantially similar to '544 Patent;

///

C. Entry of an Order that, upon Autobrush's request, those in privity with Dycrol and those with notice of the injunction—including, without limitation, any online marketplace platform such as Amazon, eBay, or Walmart, as well as web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors, and other payment processing service providers (collectively, "Third Party Providers")—shall:

(i) disable and cease providing services being used by Dycrol, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

(ii) disable and cease display of any advertisements used by or associated with Dycrol in connection with its sale of infringing goods using the Patented Design.

D. Pursuant to 35 U.S.C. § 285, a finding that this case is exceptional;

E. An award to Autobrush of its reasonable attorney fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and/or 35 U.S.C. § 285, or alternatively pursuant to Fla. Stat. § 501.201 et. seq., filing fees, and the taxable costs of this action;

F. An award to Autobrush of its actual damages and for all profits realized by Dycrol in connection with their infringing activities;

G. An award to Autobrush of treble, exemplary, and/or punitive damages as permitted and upon proffer and proof required by this Court;

H. Prejudgment and postjudgment interest on the above monetary awards; and

I. Such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Autobrush hereby demands a trial by a jury on all issues so triable.

Dated: November 18, 2026

Respectfully submitted,

/s/ Andrew R. Schindler, Esq.
Andrew R. Schindler
Florida Bar No. 124845
GORDON REES SCULLY MANSUKHANI
100 S. Ashley Drive, Suite 1350
Tampa, FL 33602
Telephone: 813-444-9700
aschindler@grsm.com
***Attorneys for Plaintiff***
***Lander Enterprises, LLC d/b/a***
***ww.tryautobrush.com***